IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA LYNN KRILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:18-152 ) |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 12 and 15]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 13 and 16]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 15] is denied and Plaintiff's Motion [ECF No. 12] is granted.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

August 22, 2014. [ECF No. 8-8 (Exs. 2D, 3D)]. In her application, she alleged that she was disabled due to panic attacks, agoraphobia, anxiety, depression, PTSD, and bipolar, and that she had been unable to work since April 10, 2009. [ECF No. 8-9 (Ex. 2E)]. Administrative Law Judge ("ALJ") David Romeo held a hearing on April 13, 2017, at which Plaintiff was represented by counsel. [ECF No. 8-3]. Plaintiff participated in the hearing by telephone and testified on her own behalf. Id. Plaintiff's mother, Cheryl Toth, and a vocational expert were present at the hearing and testified. Id. at 50-64. In a decision dated May 12, 2017, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 10-20]. On June 15, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 12 and 15]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings

of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she

is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ Erred in Making His Mental RFC Determination

At step two of the analysis, the ALJ found that Plaintiff had numerous severe impairments, including morbid obesity, tobacco use disorder, major depressive disorder, recurrent, generalized anxiety disorder, panic disorder with agoraphobia, Cluster B personality traits, and a history of polysubstance disorder (marijuana, heroin, and cocaine). [ECF No. 8-2, at 12]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 13-14. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except with the following nonexertional limitations: she could understand, remember, and carry out simple instructions, and make simple work related decisions; she could tolerate a low level of work pressure, defined as work not requiring multitasking, detailed job tasks, significant independent judgment, a production rate pace, and teamwork in completing job tasks; and she could have no contact with the public, and occasional contact with supervisors or coworkers. Id. at 15-19.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because it does not account for all of the mental limitations documented by the record. [ECF No. 13, at 3-18]. Specifically, Plaintiff contends that, although the ALJ found at step three of his

evaluation that Plaintiff had marked limitations in her ability to adapt or manage herself as a result of her panic disorder with agoraphobia, he failed to incorporate those limitations into the RFC finding. Id. After careful review, I agree that remand is necessary on this issue.

An ALJ must base his RFC assessment on all of the relevant evidence of record. 20 C.F.R. § 416.945(a). In his opinion, the ALJ must provide sufficient explanation of his final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). That is, the ALJ's decision must allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008); see also Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ's decision should allow the reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored").

As set forth above, the ALJ found at Step 3 of the analysis that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a Listed Impairment. In so finding, however, the ALJ found that Plaintiff had a marked limitation in adapting and managing herself stemming from her panic disorder with agoraphobia.[2] [ECF No. 8-2, at 13-14]. In support of this finding, the ALJ cited to Plaintiff's testimony that she could not

---

[2] The regulations define a "marked" limitation as one in which a claimant's functioning in an area independently, appropriately, effectively, and on a sustained basis is seriously limited. The area of "adapting and managing" oneself refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: Responding to demands; adapting to changes; managing one's psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for oneself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions. To meet a listing, a claimant must have a marked limitation in two or more areas of functioning. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 (Mental Disorders). Plaintiff does not challenge the ALJ's step three finding that she did not have a marked restriction in at least two areas and, therefore, did not meet a listed impairment under 12.00.

leave her home; that she received mobile therapy at home and talked to her family doctor over the telephone from home; that she decided to try leaving the house ten minutes at a time at night with her mother, but each time she panicked and had to return; that she was trying not to be terrified when she was alone in the house; that she would call a parent or friend to come over when she was alone and panicked; that she had severe panic attacks; and that she could not go outside except to go to doctor appointments. Id. at 14 (citing Exs. 3E, 5E, and Plaintiff's testimony). The ALJ also cited Plaintiff's mother's testimony that Plaintiff had difficulty leaving home and experienced frequent panic attacks. Id.

As Plaintiff recognizes, the limitations identified in the "paragraph B" criteria at Step 3 are not an RFC assessment; rather, the mental RFC assessment used at Steps 4 and 5 of the sequential analysis requires a more detailed assessment that reflects, inter alia, the degree of limitation found in the "paragraph B" functional analysis. See S.S.R. 96-6p; Hess v. Comm'r of Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019). Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence. In his opposition brief, the Commissioner argues that, contrary to Plaintiff's assertions, the ALJ found at the RFC stage that the evidence did not support Plaintiff's claimed level of severity of agoraphobia and adequately explained the bases for this finding. I disagree. In assessing Plaintiff's agoraphobia in his RFC analysis, the ALJ stated:

> The claimant reported about coming home to tell her parents about owing people money. Much of the claimant's testimony and her mother's testimony at the hearing was not understandable given many onsite medical records of treatment are inconsistent with the claimant's alleged complete and absolute inability to leave home without extreme panic attacks and breakdown. Such complete agoraphobia is inconsistent with the GAF scores ranging between 50 and 65 in the medical evidence of record. The medical evidence of record does not support the degree of agoraphobia symptoms alleged by the claimant. Significantly, the claimant is completely functional at home with all activities of daily living.

6

[ECF No. 8-2, at 18].  In addition to this paragraph's arguable inconsistency with the ALJ's Step 3 analysis of much of the same evidence, it is far from clear that all of these facts are at odds with Plaintiff's claimed limitations.  For example, although it is true that Plaintiff indicated on her function report that she leaves the house for doctor's appointments, she also stated that such appointments are the *only* reason she leaves the house and that she only does so once a month. See ECF No. 8-9 (Ex. 3E).[3]  It is difficult to understand how leaving her house sporadically for doctor's appointments discounts Plaintiff's claimed inability to perform sustained work activity outside the home on a regular and continuing basis.  Even more troubling is the significance the ALJ attaches to the fact that Plaintiff "is completely functional *at home* with all activities of daily living."  See ECF No. 8-2, at 18 (emphasis added).  As Plaintiff notes in her brief, the very nature of her agoraphobia, if believed, is the inability to function *outside* her home.  Thus, the ALJ's heavy reliance on Plaintiff's ability to function *inside* the home is perplexing, at best.  Although the ALJ provides other reasons in support of his RFC finding, it is unclear whether he would have made the same finding based on these reasons alone.

Because the ALJ's opinion is unclear as to whether he accounted for Plaintiff's marked limitations in adapting and managing herself in his mental RFC finding or rejected some of those limitations in whole or in part, remand is necessary on this issue.  On remand, the ALJ must clarify his findings with respect to the marked limitations on Plaintiff's ability to adapt and manage herself set forth in his Step 3 analysis and validly explain how, if at all, his RFC finding accounts for such limitations (and, if it does not, why not).  In remanding this case, I reach no conclusions

---

[3] Earlier in his opinion, the ALJ acknowledged Plaintiff's testimony that she receives much of her healthcare at home through services including mobile therapy and telephone calls for medication management.  [ECF No. 8-2, at 14 (citing Ex. 3E and Testimony)].

7

as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me.[4]

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all the evidence contained in the record, I find that the ALJ's mental RFC finding is not supported by substantial evidence. The case therefore is remanded for further consideration in light of this Opinion. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[4] Plaintiff briefly raises another argument in her brief regarding the weighing of medical opinion evidence. [ECF No. 13 at 16-17]. Specifically, she attacks the ALJ's reliance on the opinion of the non-examining State Agency consultant because the opinion was outdated and the consultant did not have access to significant portions of the record relating to Plaintiff's agoraphobia. Id. Since I am remanding as set forth more fully above, I need not consider the details of this argument at this time. A remand may produce different results on Plaintiff's claims, making discussion of this issue unnecessary and/or moot. I note, however, that State agency opinions merit significant consideration and are not *per se* unreliable if they predate other medical evidence. Moreover, the standard is not whether there is evidence to support Plaintiff's position, but, whether there is substantial evidence to support the ALJ's finding. The ALJ must consider these and all other applicable regulations and guidelines on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSANDRA LYNN KRILL, )
)
      Plaintiff, )
)
vs. ) Civil Action No. 3:18-152
)
ANDREW M. SAUL, Commissioner of )
Social Security,[1] )
)
      Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 21st day of August, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 12] is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 15] is DENIED.

                         BY THE COURT:

                         /s/ Donetta W. Ambrose
                         Donetta W. Ambrose
                         U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).